Judge Owsley
delivered the opinion of the court.
This was a suit in chancery with injunction, brought by Stephenson to be relieved against a judgment at law, recovered against him by Hunt and Blanton, as the assignees of-Sproule.
The bill charges, that having a demand upon Ireland, and desirous of procuring its collection, Stephenson drew in favor of Sproule for the amount, and received from him one hundred dollars; but the bill having been returned with protest for non-acceptance, upon an adjustment of the accounts between them, Stephenson executed his note to Sproule for $150, and at the same time drew upon a certain James Kern's for the like amount, which, when received by Sproule, was to be in discharge of the note; but the bill moreover charges that Sproule, although be bas received the amount from Kens, instead of restoring to Stephenson the note, assigned it to Hunt and Blanton, who having *571 obtained judgment upon it at law, and after making them and Sproule defendants, prays for an injunction against the judgment; and general relief.
The answer of o e def’nt c.-.nnot be used against ar; other.
A draft de livered io the: drawee and retained for a considerable time, will be presumed'»; paid.
The cause having come to a final hearing, the injunction obtained by Stephenson was made perpetual, and to reverse that decree, Hunt and Blanton have prosecuted this writ of error.
In the consideration of this case, two questions arise — . 1st. As to Stephenson’s right to relief against Hunt and Blanton — and 2d. If not entitled to relief against them, whether a decree should be pronounced in his favor against Sproule.
With respect to the first question, it should be observed, that the answer of Sproule, a co-defendant, cannot, according to the settled rules of chancery practice, be used as evidence against Hunt and Blanton, and as they have admitted nothing, the right to relief «against them must turn upon the effect of the evidence and exhibits contained in the record.
The note upon which the judgment at law was obtained, must be considered as implying a valuable consideration, and the only evidence in relation to the draft upon Kerns, is contained in a receipt executed by Sproule, and exhibited by Stephenson in the following words, &c.
“Frankfort, ^December 19, 1812.
“Received of Mr. Stephenson his note for $150,. and a “draft on Mr. Jas. Kerns for the like amount, which, when “paid, will be in full for all demands against him'to this “date, including a draft on Ireland.”
This receipt is certainly competent to shew, that a draft was given upon Kerns, and as it is not shewn to have been returned by Sproule, although not proven to be paid, from the length of time it has been in Sproule’s hands, should be presumed to be satisfied, and, consequently, if drawn for the same debt for which the note was given, forms a sufficient ground to perpetuate the injunction against Hunt and Blanton.
But we are not of opinion that upon any fair construction, the receipt can be interpreted so as to imply the draft on Kerns was intended to satisfy the note executed by Stephenson, and there being no other circumstance (as against Hunt and Blanton) conducing to prove it was so intended, the decree against them cannot be sustained.
But with respect to Sproule, we arc of opinion Stephen; *572 son has shewn himself entitled to relief. Though not ad-m‘ss'^le against Hunt ánd Blanton, the answer of Sproule cjearjy evjjence against himself, and notwithstanding it alledges the note and draft were not intended to secure the same demand, yet from the whole of the answer taken together, it is obvious, that Stephenson was not indebted to Sproule more than the amount of one of them.
Hardin for plaintiff, B. Hardin for defendant in error.
The decree must, therefore, be reversed with cost, and the cause remanded to the court below, and the bill, as to Hunt and Blanton, dismissed with cost, but a decree entered against Sproule conformable to the principles of this opinion.